**Jose E. GRAVES, Plaintiff,**

v.

**BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY f/k/a/ The Burlington Northern Railroad Company, Defendants.**

No. CIV–99–147–S.

United States District Court,
E.D. Oklahoma.

Sept. 8, 1999.

**1216**

Ed Gage, Muskogee, OK, Drew C. Baebler and Daniel J. Cohen, St. Louis, MO, for plaintiff.

A. Camp Bonds, Jr., Muskogee, OK, for defendants.

## *ORDER*

SEAY, District Judge.

Before the court for its consideration is a motion for partial summary judgment filed by the plaintiff, Jose Graves. In this motion for partial summary judgment, the plaintiff has requested this court enter an order granting judgment in its favor as it relates to defendant's defenses of preemption, estoppel, collateral estoppel and res judicata. Defendant filed an objection to this motion arguing these defenses are proper because the issues in this action have been previously litigated in a disciplinary proceeding brought pursuant to the collective bargaining agreement and the Railroad Labor Act (hereinafter RLA).[1]

1. In this response, the defendant requested it be granted partial summary judgment. The court did not treat the response as a motion for partial summary judgment for two reasons. First, it was untimely. On April 29, 1999, this court entered a scheduling order setting the dispositive motion deadline as August 13, 1999. The defendant's response was filed August 24, 1999. Further, there was no request by the defendant which would have extended the time to file such a motion. Sec-

## BACKGROUND

The court finds the facts as follows. Plaintiff was employed by the defendant as a car inspector in Tulsa, Oklahoma. Plaintiff alleges that in June 1997, while attempting to release a hand brake, he fell off the top of a rail car sustaining injuries. Following this accident, the defendant, pursuant to the collective bargaining agreement and the RLA, instituted an investigation into the truthfulness of plaintiff's allegations. A hearing was held on the matter.

Plaintiff was represented at the hearing by a Union Representative. Plaintiff, as well as his Union Representative, were provided an opportunity to cross-examine witnesses, call witnesses and present testimony and evidence. After the hearing, plaintiff was found guilty of filing a false report of injury and was terminated. Plaintiff appealed the defendant's investigation, findings and conclusions resulting in his termination to the Public Law Board. On December 22, 1998, the Public Law Board affirmed the decision. A timely appeal of the Public Law Board's decision was not filed. Plaintiff filed his lawsuit in this court on March 30, 1999.

## ARGUMENTS AND AUTHORITIES

■ Defendant believes based on the pleadings filed in this case, plaintiff is attempting to litigate a wrongful discharge claim in this Federal Employer's Liability Action (hereinafter "FELA"). Defendant argued the Public Law Board's decision is res judicata on the issue of plaintiff's termination and resulting lost wages and benefits. Plaintiff responded by arguing he is suing for his injuries, not for wrongful discharge.

In *Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 324 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972) the United States Supreme Court held that since the source of Andrews' right not to be discharged from his job was found in the collective bargaining agreement, petitioner must make his claim for wrongful discharge through the procedures set forth in the RLA. Thus, this FELA action is not the proper forum for plaintiff to litigate his wrongful discharge claim.

However, this court does not find, based on the pleadings, that plaintiff is attempting to re-litigate his termination. In his Complaint, the plaintiff does not mention or plead a cause of action for wrongful termination. Further, in his reply brief the plaintiff states "Plaintiff has brought suit under Sec. 51 of the FELA for personal injuries, not for wrongful discharge." (Plaintiff's Reply filed September 3, 1999 at 8). Plaintiff also states "Plaintiff is claiming that he will lose earnings in the future because Defendant negligently and permanently injured him." (Plaintiff's Reply filed September 3, 1999 at 7). These arguments and allegations indicate a lawsuit based only on personal injuries, not wrongful termination.

This court also finds the findings and conclusions made as a result of the disciplinary proceedings conducted pursuant to the collective bargaining agreement and the RLA are not entitled to preemption, estoppel, collateral estoppel or res judicata.

The United States Supreme Court has on numerous occasions declined to hold that individual employees, because of the availability of arbitration, are barred or pre-empted from bringing claims under federal statutes. *Atchison, Topeka & Santa Fe Railway Company v. Buell*, 480 U.S. 557, 564, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). In *Buell*, the court stated:

> The fact that an injury otherwise compensable under the FELA was caused by conduct that may have been subject to arbitration under the RLA does not deprive an employee of his opportunity

---

ond, Local Rule for the Eastern District 7.1(B) requires that each motion or objection shall be filed as a separate pleading. In the case at bar, the response and motion for par-

tial summary judgment were filed as one pleading. Thus, the motion for partial summary judgment also violated the local rules.

to bring an FELA action for damages.... *Id.* at 564, 107 S.Ct. 1410.

The court reasoned:

Although the analysis of the question under each statute is quite distinct, the theory running through these cases is that notwithstanding the strong policies encouraging arbitration, "different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individuals workers". (Citing *Barrentine v. Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 737, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)) *Id.* at 565, 107 S.Ct. 1410.

The FELA not only provides railroad workers with substantive protection against negligent conduct that is independent of the employer's obligation under its collective-bargaining agreement, but also affords injured workers a remedy suited to their needs ... It is inconceivable that Congress intended that a worker who suffered a disabling injury would be denied recovery under the FELA simply because he might also be able to process a narrow labor grievance under the RLA to a successful conclusion. As then District Judge J. Skelly Wright concluded, "the Railway Labor Act ... has no application to a claim for damages to the employee resulting from the negligence of an employer railroad." *Barnes v. Public Belt R.R. Commission for City of New Orleans,* 101 F.Supp. 200, 203 (E.D.La.1951). *Id.*

45 U.S.C. § 51 allows a railroad employee to sue their employer for injuries they may have sustained which were caused by the negligence of the carrier. In the case at bar, plaintiff's claim for damages as a result of personal injuries is based on rights arising out of this section. Thus, the RLA does not pre-empted plaintiff's cause of action under FELA.

█ The court must now determine whether the findings and conclusions reached and then affirmed by the Public Law Board as to plaintiff's claim of personal injury are entitled to estoppel, collateral estoppel or res judicata. The RLA provides a comprehensive framework for the resolution of both major and minor labor disputes in the railroad industry. The court finds this is a minor dispute, as defined by 45 U.S.C. § 153(I), which states that "minor disputes" are those growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions. The Public Law Board's resolution of minor disputes is deemed compulsory arbitration for the purpose of the RLA. *Brotherhood of Railroad Trainmen v. Chicago River & Indiana Railroad Company,* 353 U.S. 30, 39, 77 S.Ct. 635, 640, 1 L.Ed.2d 622 (1957). It becomes the task of the courts to determine whether preclusive effect should be given a finding made in arbitration. *Dean Witter Reynolds v. Byrd,* 470 U.S. 213, 223, 105 S.Ct. 1238, 1243, 84 L.Ed.2d 158 (1985). The court must review the procedures to determine whether federal interests warranting protection were sufficiently safeguarded in the disciplinary hearing and subsequent review conducted by the Public Law Board. *Dean Witter* at 223, 105 S.Ct. 1238.

█ First, it should be noted, the hearing was conducted by Mr. Mike Black, a terminal manager for Burlington Northern, the defendant, instead of a judge. (Defendant's Exhibit "A", Transcript of hearing held on July 1, 1997, at 1). Second, the plaintiff was represented by L.K. Hudson, Local Chairman for the Brotherhood of Railway Carman which was affiliated with the Transportation Communication Union. (Defendant's Exhibit "A", Transcript of hearing held on July 1, 1997, at 2). The notice of investigation seems to indicate plaintiff was only entitled to be represented by a Union official, not an attorney, at this proceeding. (Defendant's Exhibit "A", Transcript of hearing held on July 1, 1997 at 3–4). Third, the decision to terminate plaintiff and that the plaintiff's report of injury was falsified was made by Mr. Black and not an impartial fact finder such as a judge or jury. (Defendant's

Exhibit "C", Letter of Decision from Mr. Mike Black dated July 18, 1997). Fourth, it did not appear the rules of evidence were utilized at the hearing. (Defendant's Exhibit "A", Transcript of hearing held on July 1, 1997). Finally, the Public Law Board's affirmance of the board's findings was based only upon materials exchanged between the parties and from the transcript of the investigation. (Defendant's Exhibit "B", Order dated December 22, 1998).

While the plaintiff was allowed to call and cross-examine witnesses and submit evidence for consideration, this court finds the nature of the proceedings as well as the procedures used in the fact finding process were insufficient to protect the plaintiff's statutory and constitutional rights. The plaintiff did not have the benefit of an attorney to represent him. Further, the hearing was conducted and the decision was made by an employee of the defendant. Finally, the entity that reviewed this decision was limited to the materials exchanged between the parties and the evidence submitted at the hearing. Defendant had the burden of proving res judicata, estoppel or collateral estoppel barred this FELA action. *Kulavic v. Chicago & Illinois Midland Railway Company*, 1 F.3d 507 (7th Cir.1993). Defendant has failed to meet this burden. This court finds plaintiff's claim for personal injuries due to the negligence of the defendant are not barred by the previous disciplinary hearing conducted pursuant to the Railway Labor Act and the collective bargaining agreement. See also, *McDonald v. West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (holding arbitration does not preclude a subsequent 42 U.S.C. § 1983 action); *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (holding arbitration has no preclusive effect on a claim under the Fair Labor Standards Act) and *Alexander v. Gardner–Denver Company*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) (holding arbitration has no preclusive effect on a Title VII claim).

Defendant also argued plaintiff's claim for lost wages and benefits since the date of his termination should be denied. The plaintiff argues he is entitled to lost wages after his termination because they are related to his litigated injury not his termination. Plaintiff cannot recover damages in this FELA claim related to his wrongful termination. *Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 324 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972) However, the court finds plaintiff is entitled to present evidence as to his future earning capacity as it relates to his injury. Plaintiff alleges that because of his injuries he has been unable to resume his employment duties as a carman and that at the trial of this case he will present evidence as to the permanency of his injuries. (Plaintiff's Reply filed September 3, 1999 at 7, 11). Accordingly, plaintiff will be allowed to present evidence of earnings he will lose in the future because of defendant's negligence in causing the litigated injury. *Kulavic* at 520–522.

## CONCLUSION

The court grants plaintiff's motion for partial summary judgment as it relates to the defendant's defense of preemption, estoppel, collateral estoppel and res judicata. Further, the plaintiff will be allowed to present evidence as to his future earning capacity as it relates to his litigated injury.

**IT IS SO ORDERED.**